972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clifton BULLOCK-EL, Petitioner-Appellant,
v.
T.R. KINDT, Warden, Respondent-Appellee.
 No. 91-2743.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1992.*
Decided Aug. 3, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Clifton Bullock-El is incarcerated at the United States Penitentiary in Terre Haute, Indiana. He is currently serving a prison term of 20 years to life for multiple violations of the District of Columbia (D.C.) Code. Mr. Bullock-El has a lengthy criminal history, marked by numerous violations of both the D.C. Code and the United States Code. Because he committed offenses against the laws of two different entities, he found himself within the small class of prisoners under the custody of the Federal Bureau of Prisons who are serving "mixed sentences". He now challenges the United States Parole Commission's application of the D.C. parole eligibility guidelines to his case. He argues that he was entitled to a parole eligibility hearing on the D.C. portion of his sentence in 1988, not in 1998 as determined by the Commission. He also charges that 28 C.F.R. § 2.66, the regulation employed by the Commission with respect to parole eligibility on mixed sentences, violates his equal protection rights.[1] The district court held that the Commission had properly calculated the date of Mr. Bullock-El's first parole eligibility hearing on his D.C. sentence. It dismissed the equal protection claim on the grounds that a class action lawsuit concerning the same issue was then pending before the D.C. District Court, and Mr. Bullock-El was a member of the class. For the following reasons, we reverse and remand this case to the district court.
 
 I. Background
 
 2
 Mr. Bullock-El's mixed sentence breaks down as follows:
 
 D.C. Code violations:
 
 3
 armed robbery--15 years to life;
 
 
 4
 armed robbery and manslaughter--15 years to life, concurrent;
 
 
 5
 armed kidnapping--5 to 15 years, consecutive;
 
 
 6
 assault on a correctional officer--0 to 10 years, concurrent;
 
 
 7
 TOTAL: 20 years (240 months) to life imprisonment.
 
 U.S. Code violations:
 
 8
 escape--6 months;
 
 
 9
 bank robbery--15 years, consecutive;
 
 
 10
 bank robbery--4 to 12 years, concurrent;
 
 
 11
 TOTAL: 15 years 6 months (186 months) imprisonment.
 
 
 12
 As of September 3, 1988, Mr. Bullock-El had served 20 years toward his mixed sentence.
 
 
 13
 If Mr. Bullock-El had been convicted only of the D.C. Code violations, he would be eligible for parole[2] after serving 20 years, the minimum term of his sentence. D.C.Code § 24-203(a). Because this is a pre-Sentencing Guidelines case, if he had been convicted only of the federal crimes, he would be eligible for parole after serving one-third of the federal sentence, 62 months, unless otherwise provided by law. 18 U.S.C. § 4205(a) (1982). Because Mr. Bullock-El is confined under a mixed sentence, however, his sentences are aggregated, and his initial parole eligibility date is calculated according to the formula set forth in Chatman-Bey v. Meese, 797 F.2d 987, 987, 993-94 (D.C.Cir.1986), aff'd on reh'g, 864 F.2d 804 (D.C.Cir.1988) (en banc) (considering only jurisdictional issue): (1) one-third of the term if the aggregate term is less than 30 years, or (2) 10 years if the aggregate term is 30 years or more, unless the total D.C. minimum sentence is greater than 10 years, in which case the date is set at the D.C. minimum sentence. See Thomas v. Brennan, 961 F.2d 612, 615-16 (7th Cir.1992). Under this formula, Mr. Bullock-El's initial parole eligibility date is based on the D.C. minimum sentence, and fell on September 3, 1988, after 20 years' imprisonment.
 
 
 14
 Because he is housed in a federal prison, the D.C. Board of Parole has no jurisdiction over Mr. Bullock-El. However, under D.C.Code § 24-209, "the same power and authority" that the D.C. Board of Parole would have had over his person if he had been housed in a D.C. facility is delegated to the Commission. The Commission is thus charged with the duty of applying D.C. parole guidelines to the D.C. portion of his mixed sentence. Johnson v. Williford, 821 F.2d 1279, 1288 (7th Cir.1987). Mr. Bullock-El received an initial hearing by the United States Parole Commission on February 21, 1989. The Commission applied the federal parole guidelines, 28 C.F.R. § 2.20, to his federal sentence and determined that Mr. Bullock-El should serve two-thirds of his federal sentence, 124 months, before he would be entitled to release on parole for his federal offenses. Applying the policy outlined in 28 C.F.R. § 2.66 for prisoners serving aggregate federal and D.C. sentences, the Commission also determined that his D.C. minimum sentence should run consecutive to this "federal time". The Commission informed Mr. Bullock-El that the D.C. parole guidelines would not apply to his sentence until January 3, 1979, 124 months after the start of his incarceration and after completion of his federal time. He would receive his initial parole eligibility hearing on the D.C. portion of his sentence in September of 1998, four months prior to the expiration of the consecutive 20 year minimum term.
 
 
 15
 Not satisfied with this determination, Mr. Bullock-El filed suit in federal court seeking a hearing on his D.C. parole eligibility retroactive to September 3, 1988. The date of the initial hearing is important under D.C. parole guidelines, even if Mr. Bullock-El is currently designated as unsuitable for parole. The D.C. guidelines reward prisoners who show progress toward rehabilitation. Because his maximum D.C. sentence is more than five years, Mr. Bullock-El would ordinarily receive a rehearing of his application on a yearly basis. D.C.Mun.Regs. tit. 28, § 104.2. With each rehearing of his parole application, Mr. Bullock-El's initial guideline score can be adjusted for good conduct in prison, making early release more likely. See D.C.Mun.Regs. tit. 28, § 204.21 and App. 2-2.
 
 II. Analysis
 
 16
 In Thomas v. Brennan, 961 F.2d 612, this Court recently had the opportunity to address the relationship between federal and D.C. parole eligibility guidelines with respect to those prisoners serving mixed sentences. We held that 28 C.F.R. § 2.66 is invalid to the extent that it relies upon a federal regulation (28 C.F.R. § 2.20) to determine when a prisoner is eligible for parole under the D.C. guidelines on the D.C. portion of a mixed sentence. Id. at 618. We explained that in reconciling the D.C. and federal regimes, the Parole Commission cannot "shunt aside one regime while paying too much heed to the other." Id. at 617. Yet, in employing a federal standard to postpone the application of the D.C. parole guidelines to the D.C. portion of a mixed sentence, this is exactly what the Parole Commission had done. Id. at 617-18. In exercising its statutory authority over prisoners serving D.C. sentences, the Commission must employ not only D.C. parole guidelines to the D.C. portion of the mixed sentence, see Johnson, 821 F.2d 1279, but it must also apply the D.C. "standards that set the time at which it must apply those guidelines." Thomas, 961 F.2d at 618. And D.C. standards put the initial parole eligibility date at the time that the offender has served time equal to the D.C. minimum sentence. D.C.Code § 24-203(a). We concluded:
 
 
 17
 Does this mean that the Commission must apply the D.C. parole suitability regulations to the D.C. portion (while simultaneously applying the federal parole suitability regulations to the federal portion) on the initial parole eligibility date? In most cases, the answer is yes.
 
 
 18
 961 F.2d at 618. We went on to recognize an exception to this general rule for prisoners whose federal time extends beyond the initial parole eligibility date, but that exception does not apply to the case at bar.
 
 
 19
 Our holding in Thomas compels us to reverse the district court's decision. Mr. Bullock-El's initial parole eligibility date was September 3, 1988, and the D.C. parole suitability guidelines should have been applied to his case at that time. On remand, the district court is instructed to order the Commission to give Mr. Bullock-El a retroactive hearing to that date, with retroactive annual rehearings to the present time.[3]
 
 
 20
 REVERSED and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 For the first time on appeal, Mr. Bullock-El contends that the application of 28 C.F.R. § 2.66 to his case violates the prohibition against ex post facto laws. Because he did not raise this argument before the district court, it is waived on appeal. Colon v. Schneider, 899 F.2d 660, 670 (7th Cir.1990)
 
 
 [2]
 We emphasize that parole eligibility and parole suitability are two very different things. "The fact that a prisoner is eligible for parole means only that the paroling authority must consider his application for parole under the relevant parole guidelines. The paroling authority's ultimate decision is a matter of parole suitability (i.e., whether the prisoner is actually entitled to release under the guidelines)." Thomas v. Brennan, 961 F.2d 612, 614 n. 3 (7th Cir.1992)
 
 
 [3]
 Because of our disposition of this case, we need not reach the issue of whether 28 C.F.R. § 2.66 violates Mr. Bullock-El's right to equal protection of the law